UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ELLIOTT HAROLD FINCH, JR.                                            PLAINTIFF
#187789

V.                              No. 4:21-CV-384-JTR

ERIC HIGGINS, Sheriff, Pulaski
County; and CAMACHO, Deputy,
Pulaski County Detention Center                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER[1]**

### I.      Introduction

On May 10, 2021, Plaintiff Elliott Harold Finch, Jr., a pretrial detainee in the Pulaski County Detention Center ("PCDC"), filed a *pro se* § 1983 Complaint alleging that his constitutional right to access the courts was being infringed. *Doc. 2*. Specifically, he alleges that his legal materials related to his state criminal charges were confiscated and the law library has been closed due to COVID-19. *Id. at 5*. He claims that his ability to represent himself in his state criminal case and to pursue a lawsuit regarding his conditions of confinement has, consequently, been impeded. *Id. at 5–6*. He brings claims against Defendants Sheriff Eric Higgins and Deputy Camacho in their personal and official capacities. *Id. at 2; Doc. 7*. For relief, he

---

[1] By written consent of the parties, this case was referred to a United States Magistrate Judge to conduct all proceedings and order the entry of a final judgment, in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. *Doc. 22*.

requests that his documents be returned to him. *Doc. 2 at 7*. He also asks for costs and filing fees. *Id.*

On October 31, 2022, Defendants filed a Motion for Summary Judgment (*Doc. 24*), a Brief in Support (*Doc. 25*), and a Statement of Indisputable Material Facts (*Doc. 26*). Defendants argue that Finch's access-to-courts claims fail, as a matter of law.

On September 30, 2022, I entered an Order informing Finch that he had a right to file a Response and that, in doing so, he "must separately file a 'short and concise statement of material facts as to which he contends a genuine dispute exists to be tried,'" as required by Local Rule 56.1. *See Doc. 28 at 1*. Finch has not filed a Response to Defendants' Motion for Summary Judgment or attempted to controvert any of the facts set forth in Defendants' Statement of Indisputable Material Facts, and the time to do so has long since passed. Thus, the Motion is joined and ready for disposition.[2]

---

[2] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249–50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011).

## II. Discussion

A. The Undisputed Material Facts[3]

1. On January 27, 2021, Finch was booked into PCDC on new criminal charges. *Doc. 26-2 at 3*. All property Finch brought with him, including legal materials related to his criminal charges and "all documents [] need[ed] to purs[ue] federal court 1983 damages," was confiscated and placed in storage. *Id. at 5; Doc. 2 at 5*.

2. On February 2, 2021, Finch appeared before the state court on the new criminal charges and counsel was appointed to represent him. *See State v. Finch*, Case No. 60CR-13-3206 (Pulaski County, Ark.);[4] *Doc. 26-6 at 103*.

3. On March 15, 2021, Finch began filing requests and grievances asking that his legal materials be returned to him. *Doc. 26-3 at 2–3*. He stated he needed the material to send to his lawyer and to assist in his criminal case. *Id. at 2*. The PCDC official responding to his requests and grievances, non-Defendant Michael Hagerty, told Finch he could "have someone pick up [his] property and forward it where it needs to go." *Id.*

---

[3] The source for these facts is the now uncontroverted Statement of Indisputable Material Facts filed by the Defendants along with its supporting documents. *Doc. 26*. All of those facts are now considered undisputed for purposes of Defendants' Motion for Summary Judgment. *See* Fed. R. Civ. P. 56(e)(2); Local Rule 56.1(c). The Court also takes judicial notices of the publicly available court records relevant to this action. *Levy v. Ohi*, 477 F.3d 988, 991 (8th Cir. 2007).

[4] The state docket sheet and other case information is publicly available at "CourtConnect" on the Arkansas Judiciary's homepage, https://caseinfo.arcourts.gov.

4. On May 10, 2021, Finch filed his Complaint in this § 1983 action alleging that his legal materials were being withheld and that he did not have any access to the PCDC law library due to COVID-19 restrictions. *Doc. 2 at 4–5*.

5. On October 13, 2021, Finch's appointed counsel was relieved at Finch's request and he began representing himself. *Id. at 16, 34, 103*. Throughout the representation, appointed counsel appeared at hearings and filed several motions on Finch's behalf—none of which indicate counsel was having trouble contacting Finch at PCDC or receiving relevant materials from him. *State v. Finch*, Case No. 60CR-13-3206 (*see, e.g.*, July 13, 2021 Motions to Sever Count and Dismiss based on Speedy Trial; March 30, August 2, September 28, 2021 hearings).

6. Over the following several months, Finch filed many motions on his own behalf. *Id.* (*see, e.g.*, October 22, 2021 Petition for Bond Reduction; January 25, 2022 Motion to Reset Omnibus Hearing and Jury Trial Dates; January 27, 2022 Motion for Copies at State's Expense).

7. Finch's legal materials were returned to him on March 29, 2022. *Doc. 26-4 at 2*.

8. New defense counsel was appointed to represent Finch on July 3, 2023. *State v. Finch*, Case No. 60CR-13-3206. His criminal trial is currently set for December 5, 2023. *Id.*

> **B.     Based On These Undisputed Facts, Finch Failed to Fully and Properly Exhaust His Administrative Remedies On His Pending Claims**

In their Motion for Summary Judgment, Defendants argue, in part, that Finch's access-to-courts claims should be dismissed because he has failed to show he was prejudiced by the lack of access to his legal materials and the law library. The Court agrees.[5]

The First Amendment unquestionably encompasses an inmate's right to access to the courts "to attack their sentences" or "challenge the conditions of their confinement." *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Johnson v. Avery,* 393 U.S. 483, 489–90 (1969). However, to prevail on an access to the courts claim, a prisoner must demonstrate that he was "actually injured" in regard to a "nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky,* 494 F.3d 677, 680 (8th Cir. 2007) (citing *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)). In this respect, "actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 355; *see also Klinger v. Dept. of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997). The injury may not be speculative or anticipatory. *See Harbury,* 536 U.S. at 416 (the "arguably meritorious" nature of a claim must be "more than

---

[5] Accordingly, the Court need not address Defendants' alternative theories for summary judgment, which include arguments that: Defendant Camacho was not involved in any alleged denial of rights; all Defendants are entitled qualified immunity; and the PCDC policies regarding possession of legal materials are constitutional.

hope"); *Hartsfield v. Nichols,* 511 F.3d 826, 832 (8th Cir. 2008) (prisoner's assertion, that his lack of access to legal materials prevented him from filing a lawsuit "because he did not know what arguments to make," was too "speculative" to constitute "actual injury").

In his Complaint, Finch identifies two court actions that he allegedly was being denied access to: his state criminal case and a § 1983 conditions-of-confinement action. He generally alleges that his ability to actively litigate those cases was impaired, but the undisputed material facts—particularly the court records in his state case and this § 1983 case—show no such impediment. There is no indication that Finch missed a filing deadline, was unable to present a claim in court, or was otherwise was prejudiced by his lack of access to legal materials and the law library. Finch has come forward with no evidence suggesting otherwise.

Because there is no evidence that Finch suffered an "actual injury," his claim that Defendants denied his right to access the courts fails, as a matter of law.

### III.  Conclusion

IT IS THEREFORE ORDERED THAT:

1. Defendants' Motion for Summary Judgment (*Doc. 24*) is GRANTED.

2. All claims against Defendants are DISMISSED with prejudice.

3. Judgment will be entered accordingly.

SO ORDERED this 15th day of September, 2023.

_____
UNITED STATES MAGISTRATE JUDGE